IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS, NATIONAL LEAGUE OF UNITED LATIN AMERICAN CITIZENS, LEAGUE OF WOMEN VOTERS OF TEXAS, RALPH EDELBACH, BARBARA MASON;<br><br>       Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of Texas, RUTH HUGHS, in her official capacity as Texas Secretary of State, DANA DEBEAUVOIR, in his official capacity as Travis County Clerk, CHRIS HOLLINS, in his official capacity as Harris County Clerk; JOHN W. OLDHAM, in his official capacity as Fort Bend County Elections Administrator; LISA RENEE WISE, in her official capacity as El Paso County Elections Administrator;<br><br>       Defendants. | Case No. 1:20-cv-01006-RP<br><br>**PLAINTIFFS' [EMERGENCY] MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTIONAND BRIEFING SCHEDULE** |

**PLAINTIFFS' [EMERGENCY] MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND TO SET BRIEFING SCHEDULE**

Plaintiffs the League of United Latin American Citizens ("LULAC"), Texas LULAC, the League of Women Voters of Texas ("LWVTX"), Ralph Edelbach, and Barbara Mason respectfully move for a preliminary injunction restraining Defendants Abbott and Hughs from enforcing, and the Defendant County Election Officials from implementing, Governor Abbott's October 1 Order limiting absentee voting drop-off locations to one per county..

On July 27, 2020, in light of the extreme pressures on the electoral system created by the COVID-19 pandemic, Governor Abbott issued an Order allowing counties to accept absentee ballots dropped off at designated locations prior to Election Day. Counties implemented the July

27 order. In Harris County, 12 drop-off locations were designated. In Travis County, 4 drop-off locations were designated. And several additional counties were planning to designate multiple drop-off locations in the month leading up to the election. On October 1, 2020, Governor Abbott reversed course and issued an Order *prohibiting* counties from offering more than one location at which absentee-eligible voters can return their ballots in the lead up to Election Day on November 3, 2020. The Governor's precipitous announcement contradicted statements Defendant Hughs' office made in court filings court just twenty-four hours earlier, and gave county election officials and voters *less* than twenty-four hours notice before going into effect the next day, on October 2, 2020. Furthermore, the Order came with just weeks left in the general election cycle and Election Day rapidly approaching.

Plaintiffs filed this action mere hours after the Governor's announcement, and herein move for preliminary relief enjoining the Governor and the other Defendants from implementing the October 1 Order. To succeed on a motion for a preliminary injunction, Plaintiffs must show "(1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiffs will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and (4) that the injunction will not disserve the public interest." *Planned Parenthood v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005).

In support of this motion, Plaintiffs expect to show (1) they are likely to succeed on the merits of their claim that the Governor's Order imposes an undue burden on the right to vote for absentee-eligible voters and violates equal protection by limiting absentee ballot drop-off locations to one per county without regard to geographic size or population; (2) that the violation of Plaintiffs' constitutional rights is an irreparable harm; (3) that the State has no interest in enforcing the limit, because there is no ballot security justification for the Order; and (4) that the public

interest is served by returning to the status quo ante, and allowing counties to determine at a local level how many ballot drop-off locations they will provide to their voters.

In light of the Governor's precipitous action and the limited time remaining before Election Day for Plaintiffs to obtain meaningful relief, time is of the essence. As such, Plaintiffs respectfully move this court for the following briefing schedule on their motion for preliminary relief:

1. Plaintiffs may amend their complaint to add parties or claims relevant to the preliminary relief sought by no later than 12:00 p.m. on October 5, 2020.

2. Plaintiffs may submit an amended motion for preliminary injunction no later than 12:00 p.m. on Monday, October 5, 2020.

3. Plaintiffs shall file their brief and evidentiary submissions in support of any motion for preliminary injunction no later than 12:00 p.m. on Monday, October 5, 2020.

4. Defendants shall file their response to Plaintiffs' Motion by no later than 12:00 p.m. on Wednesday, October 7, 2020.

5. The Court shall set a hearing on Plaintiffs' motion for the afternoon of October 7, 2020, or at the Court's earliest convenience.

Date: October 2, 2020

Respectfully submitted,

/s/ Chad W. Dunn

| | |
|---|---|
| Danielle M. Lang* | Chad W. Dunn (Tex. Bar No. 24036507) |
| Mark P. Gaber* | Brazil & Dunn |
| Ravi Doshi* | 4407 Bee Caves Road |
| Molly E. Danahy* | Building 1, Suite 111 |
| Caleb Jackson* | Austin, TX 78746 |
| Campaign Legal Center Action | (512) 717-9822 |
| 1101 14th Street NW, Suite 400 | chad@brazilanddunn.com |
| Washington DC, 20005 | K. Scott Brazil (Tex. Bar No. 02934050) |
| Tel: (202) 736-2200 | 13231 Champion Forest Drive, Suite 406 |
| dlang@campaignlegalcenter.org | Houston, TX 77069 |
| mgaber@campaignlegalcenter.org | (281) 580-6310 |
| rdoshi@campaignlegalcenter.org | scott@brazilanddunn.com |
| mdanahy@campaignlegalcenter.org | |

cjackson@campaignlegalcenter.org

*Pro Hac Vice* Forthcoming

Luis Roberto Vera, Jr.
LULAC National General Counsel
The Law Offices of Luis Vera Jr., &
Associates
1325 Riverview Towers, 111 Soledad
San Antonio, Texas 78205-2260
(210) 225-3300 (office)
(210) 225-2060 (fax)
lrvlaw@sbcglobalnet