UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS; NATIONAL LEAGUE OF UNITED LATIN AMERICAN CITIZENS; LEAGUE OF WOMEN VOTERS OF TEXAS; RALPH EDELBACH; BARBARA MASON; MEXICAN AMERICAN LEGISLATIVE CAUCUS; TEXAS HOUSE OF REPRESENTATIVES; and TEXAS LEGISLATIVE BLACK CAUCUS;<br><br>    Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas; RUTH HUGHS, in her official capacity as Texas Secretary of State; DANA DEBEAUVOIR, in his official capacity as Travis County Clerk; CHRIS HOLLINS, in his official capacity as Harris County Clerk; JOHN W. OLDHAM, in his official capacity as Fort Bend County Elections Administrator;<br><br>    Defendants. | Case No.: 1:20-cv-1006 |

**MOTION OF THE LINCOLN PROJECT FOR LEAVE
TO FILE *AMICUS* BRIEF IN SUPPORT OF PLAINTIFFS**

The Lincoln Project respectfully submits this motion for leave to file the attached *amicus* brief (attached as Exhibit A) in support of the Plaintiffs' request for declaratory and injunctive relief.[1] A proposed order also accompanies this motion.

## BACKGROUND

The Lincoln Project is an organization composed of Republicans and conservatives dedicated to defeating candidates who have abandoned their constitutional oath, regardless of party. To achieve that purpose, The Lincoln Project has created a broad coalition of supporters and volunteers across the country. Many of its supporters live in Texas. The Lincoln Project has put that organization to work contacting, surveying, communicating with and mobilizing voters. To those ends, The Lincoln Project has invested significant resources in the State of Texas. The recent order of Governor Greg Abbott threatens to undermine much of the work The Lincoln Project has engaged in and cause a substantial burden to the voters supporting their mission within Texas. While the Plaintiffs represent a significantly different interest than The Lincoln Project, the relief they seek would also provide relief to The Lincoln Project and its supporters in Texas.

## ARGUMENT

While this Court does not have a specific rule governing *amicus curiae* briefs, it is appropriate to draw guidance from Federal Rule of Appellate Procedure 29(b). Under that rule, a movant must (1) explain its interest, and (2) the reason why amicus is desirable, and (3) why the matters asserted are relevant to the case.

**I.     Federal District Courts have broad discretion to allow the participation of an *amicus curiae*, and it is generally permitted where the *amicus* has an interest in the matter and can offer timely and useful information.**

---

[1] Counsel for The Lincoln Project attempted in good faith to confer with counsel for the Plaintiffs and Defendants under Local Rule CV-7(i). The Plaintiffs consent to this motion as do Defendants Debeauvoir, Hollins, and Oldham. Counsel for Defendants for Abbott and Hughs object.

District courts have "inherent authority" to grant participation by an *amicus curiae*, which is derived from Federal Rule of Appellate Procedure 29. *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). In determining whether to grant leave to participate as an *amicus*, District Courts have "broad discretion," *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007), and *amicus* status is generally allowed when "the information offered is timely and useful." *Ellsworth Assocs. v. U.S.*, 917 F. Supp. 841, 846 (D.D.C. 1996).

Specifically, District Courts "normally allow" an *amicus* brief "when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d at 137 (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 10564 (7th Cir. 1997)); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (same). This assistance to the court may take many forms, including "ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *See Northern Mariana Islands v. United States,* 2009 U.S. Dist. LEXIS 125427, 3-4 (D.D.C. Mar. 6, 2009).

Federal Courts have also granted leave to participate as *amicus* to nonprofit organizations, where those organizations had "a special interest in [the] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of [the] case." *Ellsworth Assocs. v. United States*, 917 F. Supp. at 846.

**II.     The Lincoln Project meets the criteria for acceptance as *amicus curiae*.**

First, The Lincoln Project has a strong interest in this case. To fulfill its mission, The Lincoln Project is fundamentally reliant upon the ability of voters to cast ballots. The fewer barriers to voting, the easier it is for The Lincoln Project to accomplish its goals. Over the past

year, The Lincoln Project has invested heavily to accomplish those goals in the State of Texas. The Lincoln Project has assigned field staff to work in the state recruiting volunteers and engaging in voters, it has surveyed individuals to understand preferences across the state, it has crafted communications intended to increase voter enthusiasm and turnout, and it has worked to educate its supporters and aligned voters on how to participate in the electoral process. A significant portion of its work has focused on helping its supporters request and submit absentee ballots. By limiting the ballot drop box locations within counties, particularly large counties, Gov. Abbott's order both undermines the work already done by The Lincoln Project and places barriers to participation before its supporters and voters.

Second, The Lincoln Project can assist the Court by addressing potential ramifications in this case without duplicating the arguments of the parties. The Lincoln Project works with a specific subset of the voting population that is different than any of the current parties. Because conservative voters tend to be older than the median and live farther from central locations where a single ballot drop box may be located, they present a particularly vulnerable population to Gov. Abbott's decision to significantly reduce the number of available drop boxes across counties. That is particularly true in the face of a global pandemic that disproportionately affects the elderly. The Lincoln Project's brief details these effects.

Third, the arguments of The Lincoln Project are relevant to the Court by providing direct arguments, facts and data not provided by the current parties. By demonstrating how the decision of this Court will affect additional subsets of the voting population, The Lincoln Project *amicus curiae* brief will give the Court a broader understanding of the potential ramifications its decision will have.

**[Remainder of Page Left Blank Intentionally – Signature Page Follows]**

## CONCLUSION

For the reasons argued above, The Lincoln Project respectfully requests that it be granted leave to file the attached *amicus curiae* brief.

Dated: October 7, 2020					Respectfully submitted,

/s/ Mario Nicolais
Mario Nicolais[2]
KBN Law, LLC
*Attorney for The Lincoln Project*
7830 W. Alameda Ave., Suite 103-301
Lakewood, CO 80226
Tel: 720.773.1526
Mario@KBNlaw.com

/s/ Allan Van Fleet
G. Allan Van Fleet, P.C.
Texas Bar No. 201494700
6218 Elm Heights LN, Suite 201
Houston, TX 77081-2409
(713) 826-1954
allanvanfleet@gmail.com

### Certificate of Service

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on October 7, 2020, and that all counsel of record were served by CM/ECF.

/s/ Allan Van Fleet

---

[2] *Pro hoc vice* motion pending.